IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| CHARLIE LAMONTE MCKINNEY, JR. and JOSHUA KITCHENS, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) CV 622-004 |
| KENNETH MANTLE; DIRECTOR, Office of Professional Standards; SERGEANT JULIE MULLINS; and JACQUELINE PEAK,[1] | ) ) ) ) ) ) |
| Defendants. | ) |

___

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

___

Plaintiffs, incarcerated at Rogers State Prison ("RSP") in Reidsville, Georgia, have submitted to the Court for filing a civil complaint. Plaintiffs are proceeding *pro se* and only Plaintiff McKinney has filed a motion to proceed *in forma pauperis* ("IFP").[2] (Doc. no. 2.) No filing fee has been paid.

___

[1] The Court **DIRECTS** the **CLERK** to update the list of Defendants on the docket in accordance with the caption of this Order, which is consistent with the complaint. (Doc. no. 1, pp. 1-3.) Plaintiffs listed the Office of Professional Standards as a title, not a stand-alone Defendant. (Id. at 2.)

[2] The Court **DIRECTS** the **CLERK** to update the docket to reflect that Plaintiff McKinney, not Plaintiff Kitchens, filed the motion to proceed IFP. (Doc. no. 2.)

I.   BACKGROUND

Plaintiffs commenced this case by submitting a fifteen-page complaint, along with fifty-two pages of attachments, to the Clerk of Court in the Southern District of Georgia. (Doc. no. 1.)  Generally, Plaintiffs' complaint raises claims under 42 U.S.C. § 1983 against Defendants regarding violence, overcrowding, and understaffing at several state prisons including RSP.  The complaint is written in the first person by Plaintiff McKinney and almost exclusively describes his individual experiences in the prison system.  Other than the caption, Plaintiff McKinney mentions Plaintiff Kitchens twice in the filing when he describes the circumstances that led to both Plaintiffs sharing a cell and asserts claims of violence, overcrowding, and understaffing on Plaintiff Kitchens' behalf.  (Doc. no. 1, pp. 14, 60-65.) Plaintiff Kitchens did not sign the complaint.

II.   DISCUSSION

The Eleventh Circuit has considered the issue of whether "the Prisoner Litigation Reform Act ["PLRA"] permits multi-plaintiff [IFP] civil actions." Hubbard v. Haley, 262 F.3d 1194, 1196 (11th Cir. 2001).  In Hubbard, the Eleventh Circuit noted that "the intent of Congress in promulgating the PLRA was to curtail abusive prisoner tort, civil rights and conditions of confinement litigation." Id. (citing Anderson v. Singletary, 111 F.3d 801, 805 (11th Cir. 1997)).  The Eleventh Circuit upheld a district court's dismissal of a multiple-prisoner/plaintiff lawsuit wherein the plaintiffs sought to proceed together IFP. Id. at 1198. The Eleventh Circuit concluded "the PLRA clearly and unambiguously requires that 'if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of the filing fee.'"  Id. at 1197 (citing 28 U.S.C.

§ 1915(b)(1)); see also Gandy v. Bryson, 799 F. App'x 790, 792 (11th Cir. 2020) (*per curiam*) (denying prisoner motion to intervene based on application of Hubbard reasoning that PLRA requires each prisoner proceeding IFP pay full filing fee), *cert. denied sub nom.* Daker v. Ward, 142 S. Ct. 105, 211 L. Ed. 2d 30 (2021).

Allowing multiple prisoners to bring complaints in a single lawsuit circumvents the Congressional purpose in promulgating the PLRA. Id. at 1197-98. That is, "[t]he modest monetary outlay will force prisoners to think twice about the case and not just file reflexively." Id. at 1198 (quoting 141 Cong. Rec. S7526 (daily ed. May 25, 1995) (statement of Sen. Kyl)). The Eleventh Circuit held "the plain language of the PLRA requires that each prisoner proceeding IFP pay the full filing fee . . . ." Id. Therefore, the "district court properly dismissed the multi-plaintiff action in this instance." Id. However, the Court recognizes Plaintiffs are proceeding *pro se* and will therefore give them an opportunity to proceed as individual Plaintiffs. The Court determines the most efficient method to do so is to allow Plaintiff McKinney to proceed with the current case and recommend dismissal of Plaintiff Kitchens, who will be allowed to proceed in a separate case.

### III.   CONCLUSION

Accordingly, the Court **REPORTS** and **RECOMMENDS** Plaintiff Kitchens and all claims asserted on his behalf be **DISMISSED** from the present case without prejudice. After Plaintiff Kitchens' dismissal, the Court will then review Plaintiff McKinney's complaint and motion to proceed IFP.

The Court further **REPORTS** and **RECOMMENDS** the **CLERK** be **DIRECTED** to file and docket the instant complaint into a new lawsuit for Plaintiff Kitchens with the same

filing date as the present case and a separate case number. Upon opening of his new case, Plaintiff Kitchens should have twenty-one days to submit his own motion to proceed IFP and a new complaint detailing only his individual claims.

SO REPORTED and RECOMMENDED this 3rd day of February, 2022, at Augusta, Georgia.

                                                               BRIAN K. EPPS
                                                               UNITED STATES MAGISTRATE JUDGE
                                                               SOUTHERN DISTRICT OF GEORGIA