IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| CHARLIE LAMONTE MCKINNEY, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CV 622-004 |
| | ) |
| KENNETH MANTLE; DIRECTOR, | ) |
| Office of Professional Standards; | ) |
| SERGEANT JULIE MULLINS; | ) |
| and JACQUELINE PEAK, | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

Plaintiff, an inmate at Rogers State Prison in Reidsville, Georgia, seeks to proceed *in forma pauperis* in this action filed pursuant to 42 U.S.C. § 1983. Plaintiff also filed twenty-three other motions. The Court addresses each motion in turn.

**I.      Motion to Proceed *In Forma Pauperis***

After reviewing Plaintiff's application, it appears that he lacks sufficient resources to prepay the filing fee. Accordingly, the Court **GRANTS** Plaintiff leave to proceed *in forma pauperis*, subject to compliance with the conditions of this Order. (Doc. no. 2.)

Plaintiff is hereby advised that under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321, all prisoners, even those who are allowed to proceed *in forma pauperis*, must pay the filing fee of $350.00 in full. 28 U.S.C. § 1915(b)(1). Plaintiff must also pay the full appellate court filing fee if a Notice of Appeal is filed. Prisoner litigants

allowed to proceed *in forma pauperis* must pay an initial partial filing fee of twenty percent (20%) of the greater of the average monthly deposits to, or the average monthly balance in, the prisoner's account for the six-month period immediately preceding the filing of the complaint. Prison officials are then required to collect the balance of the filing fee by deducting twenty percent (20%) of the preceding month's income credited to Plaintiff's account. 28 U.S.C. § 1915(b)(2). This payment shall be forwarded to the Clerk of Court "each time the amount in the plaintiff's account exceeds $10 until the full filing fees are paid." Id. The entire filing fee must be paid even if this suit is dismissed at the outset because it is frivolous, malicious, fails to state a claim, or seeks monetary damages against a defendant who is immune from such relief.

In addition to requiring payment of the full filing fee, the Act requires prisoners to exhaust all administrative remedies **prior to filing** a federal lawsuit which challenges "prison conditions." 42 U.S.C. § 1997e; see also 18 U.S.C. § 3626(g)(2). All prisoner civil rights actions are subject to dismissal if the prisoner has not exhausted the available administrative remedies with respect to each claim asserted. Moreover, even if the complaint is dismissed for failure to exhaust, the prisoner will still be responsible for payment of the full filing fee.

The law also provides that a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if the prisoner has on three or more prior occasions, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. The only exception to this "three strikes" rule is if the prisoner is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Because of these requirements in the law, the Court will give Plaintiff an opportunity,

at this time, to voluntarily dismiss the complaint pursuant to Fed. R. Civ. P. 41(a)(1). Such a voluntary dismissal will not require Plaintiff to pay the filing fee or count as a dismissal which may later subject him to the three-dismissal rule under section 1915(g). Plaintiff may dismiss his case at this time by filing a notice of dismissal.

However, should Plaintiff choose to proceed with his case, Plaintiff **MUST** comply with the following instructions:

(1)   Plaintiff must furnish the enclosed **Prisoner Trust Fund Account Statement** to the trust (financial) officer of each prison where he has been confined for the past six months. The trust officer will complete and sign the form and return the form and supporting documents to Plaintiff for submission to the Court. Two copies of the form are enclosed for this purpose.

(2)   Plaintiff must sign and date the enclosed **Consent to Collection of Fees from Trust Account**. By signing this form, Plaintiff gives his consent to the collection of the entire filing fee from his prison account in installments, in accordance with the provisions of the Prison Litigation Reform Act.

(3)   Plaintiff must return both the **Prisoner Trust Fund Account Statement** and the **Consent to Collection of Fees from Trust Account** to the Clerk within thirty days of this Order.

Once Plaintiff has returned the required forms, the Court will review Plaintiff's complaint to determine which, if any, claims are viable and which, if any, Defendants should be served with a copy of the complaint. Accordingly, the Court **GRANTS** the motion for a fast and speedy preliminary review, subject to the return of the required forms. (Doc. no. 24.)

<u>Plaintiff is cautioned that while this action is pending, he shall immediately inform this Court of any change of address. Failure to do so will result in dismissal of this case, without</u>

prejudice.

## II.    Motions to Amend

Plaintiff has filed several motions which seek to amend claims and relief.  (Doc. nos. 6, 10, 22, 25, 28, 30-32, 35.)  As no Defendant has been served with a copy of the complaint or filed an answer, under Fed. R. Civ. P. 15(a), Plaintiff may file an amended complaint once as a matter of course.  Thus, pursuant to Rule 15(a), Plaintiff's motions are **MOOT**.  (Doc. nos. 6, 10, 22, 25, 28, 30-32, 35.)

However, Plaintiff may not amend his complaint in a piecemeal manner by submitting separate filings which purport to add or change only certain portions of a prior pleading.  See Holland v. Burnette, CV 308-090, 2009 WL 1579507, at *1 (S.D. Ga. June 3, 2009).  Therefore, if Plaintiff wishes to amend his complaint, he must, within thirty days of the date this Order, complete and submit the enclosed complaint form in accordance with the instructions contained herein.

The Court **DIRECTS** the **CLERK** to attach a standard form complaint used by incarcerated litigants in the Southern District of Georgia, stamped with this case number and Plaintiff's name but otherwise blank so that Plaintiff can list the Defendants he intends to sue, to Plaintiff's service copy of this Order.  No more than six handwritten pages may be attached to the standard form.  See Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (*per curiam*) (affirming the dismissal of a case where the plaintiff failed to heed the pleading instructions from the court regarding re-drafting the complaint); see also London v. Georgia Dep't of Corr., CV 502-107, doc. no. 10 (M.D. Ga. May 10, 2002) (directing that amended complaint shall not exceed six handwritten pages).

The amended complaint must be printed legibly so that the Court may discern Plaintiff's claims, and it will supersede and replace in its entirety the previous pleadings filed by Plaintiff.  See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case").  It must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit.  Furthermore, the body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph.  The numbered paragraphs in his amended complaint should include information such as:  (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred.

While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his complaint.  For example, Plaintiff should not simply state, "See attached documents," or simply attach exhibits as a basis for suing a Defendant.  Thus, Plaintiff must name the individuals whom he seeks to include as Defendants herein in both the caption and the body of his amended complaint; he may not rely on the fact that individuals are named in the exhibits attached to his amended complaint as a means of including such persons as defendants to this lawsuit.  The Court will not independently examine exhibits Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint.

Plaintiff is further cautioned that no portion of any prior complaint shall be incorporated into his amended complaint by reference.  Moreover, Plaintiff shall submit only one amended

5

complaint in accordance with the terms of this Order. Therefore, within thirty days of the undersigned date, Plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all claims that he wishes the Court to consider as a basis for awarding the relief sought. Upon submission of Plaintiff's amended complaint, the Court will screen that complaint to determine which, if any, claims are viable and if any Defendant should be served with a copy of the complaint. If Plaintiff fails to file an amended complaint as instructed in this Order, the Court will presume that he does not wish to amend his original pleading.

As a final instruction, it is well settled that a plaintiff may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "In determining what constitutes a transaction or occurrence for the purposes of Rule 20(a), courts have looked for meaning to Fed. R. Civ. P. 13(a) governing compulsory counterclaims." Alexander v. Fulton Cnty., 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by* Manders v. Lee, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003) (*en banc*). As recognized by the Eleventh Circuit Court of Appeals in analyzing the requirements of Rule 13(a), "a claim arises out of the same transaction or occurrence if there is a logical relationship between the claims." Constr. Aggregates, Ltd. v. Forest Commodities Corp., 147 F.3d 1334, 1337 n.6 (11th Cir. 1998); Tarver v. Owens, 5:14-CV-214, 2014 WL 3810594, at *4 (M.D. Ga. Aug. 1, 2014) (same).

The connection between the events in Plaintiff's initial complaint and proposed amendments are not readily apparent. For example, Plaintiff's initial complaint concerns his safety at Rogers State Prison. (See doc. no. 1, pp. 13-15.) Plaintiff's many filings indicate he also wishes to include unrelated claims concerning religious and disability accommodations

or potentially occurring at facilities other than Rogers State Prison. (See, e.g., doc. nos. 6, 22, 28, 31.) If Plaintiff wishes to pursue unrelated claims, he must bring them in separate lawsuits.

### III.  Motion for the Appointment of Counsel

Plaintiff also moves for the appointment of counsel due to his mental health. (See doc. no. 11.) As a general rule, there is no entitlement to appointed counsel in a civil rights case such as this one. Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992). Rather, the appointment of counsel is a privilege justified only by exceptional circumstances. Id.; see also Smith v. Fla. Dep't of Corr., 713 F.3d 1059, 1065 (11th Cir. 2013) (finding exceptional circumstances justified appointment of counsel where suspect conduct of prison officials hindered prisoner plaintiff's ability to present essential merits of case and, additionally, where such appointment would alleviate security concerns and help sharpen issues).

Here, Plaintiff fails to show exceptional circumstances exist to justify the appointment of counsel. Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996). Plaintiff has not shown that his status as a layman prevents him from "presenting the essential merits of his . . . position," which is the key consideration in determining whether the appointment of counsel is justified. Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993). Indeed, he has shown his ability to communicate with the Court, as he has made multiple, detailed filings, including the motions addressed in this Order. Therefore, the Court **DENIES** Plaintiff's motion for appointment of counsel. (Doc. no. 11.)

### IV.  Injunctive and Declaratory Relief

Plaintiff has also filed an "Application to Supplement Plaintiff's Application for an Emergency Injunction on an Expedited Basis" and "Application for Plaintiff to Receive 'Declaratory Relief' in Support of His Application for an Emergency Injunction." (Doc. nos.

7

9, 12.) However, to the extent Plaintiff is asking for an injunction or declaratory relief, Plaintiff describes neither what the injunction should require nor what declaratory relief is sought.

The Court cannot discern whether it has the power to grant the requested relief. For example, Plaintiff does not state against whom an injunction is sought. (See id.) The Court lacks jurisdiction to enter any restraining order or injunction against those who are not parties to the lawsuit. Holmes v. Williams, No. 6:15-cv-12, 2015 WL 4429092, at *8 (S.D. Ga. July 20, 2015) (citing In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Labs., 72 F.3d 842, 842-43 (11th Cir. 1995)). Plaintiff's motion for an injunction also references claims discussed in the proposed amendments that Plaintiff has yet to assert in a complaint. (See doc. no. 9, p. 2.) "A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." Kaimowitz v. Orlando, Fla., 122 F.3d 41, 43 (11th Cir. 1997), *opinion amended on other grounds on reh'g*, 131 F.3d 950 (11th Cir. 1997); see also Bruce v. Reese, 431 F. App'x 805, 806 (11th Cir. 2011) ("[Plaintiff's] request for injunctive relief as to those causes of action was thus properly denied as they were outside the scope of the underlying suit.") (citations omitted).

While the Court recognizes Plaintiff is proceeding *pro se*, it "cannot serve as 'de facto counsel for a party, or . . . rewrite an otherwise deficient pleading in order to sustain an action.'" Weil v. Phillips, 816 F. App'x 339, 341 (11th Cir. 2020) (citing Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014)). The Court therefore **DENIES** both motions. (Doc. nos. 9, 12.)

V.      **Premature Motions**

In a motion, Plaintiff asks the Court to refrain from dismissing his "non-amended/non-supplemental applications" as premature. (Doc. no. 33.) The Court **DENIES** the motion.

Plaintiff filed several discovery related motions requesting subpoenas and asking for medical evaluations of himself. The Court **DENIES** the motions as premature. (Doc. nos. 13-17, 29.) The Court has not directed service of process on any Defendant in this case, no one has made an appearance, and no discovery period has commenced. Should the case proceed past the initial stages and service be accomplished, Plaintiff will have the benefit of a full discovery period. In any event, "Subpoenas will not be issued to any party litigant who is incarcerated in a jail or prison. In such cases, arrangements will be made for the attendance of necessary witnesses and the production of necessary documents through other means." In re Subpoenas, MC 496-006 (S.D. Ga. Jan. 16, 1996). Further, the federal discovery rules do not provide the Court with authorization to appoint an expert to examine a Plaintiff seeking an examination of himself. See Hampton v. Peebles, No. 6:14-CV-104, 2016 WL 4487912, at *2 (S.D. Ga. June 9, 2016) ("No civil litigant, even an indigent one, has a legal right to such aid."); Walker v. Fed. Bureau of Prisons, No. 1:11-CV-01317, 2012 WL 4711898, at *2 (N.D. Ala. Sept. 27, 2012) ("Rule 35(a) does not authorize the court to appoint an expert to examine a party requesting an examination of himself.").

Likewise, the Court also **DENIES** Plaintiff's motions for a mediation, (doc. no. 21), jury trial, (doc. no. 23), and judgment on the pleadings, (doc. no. 34), as premature. See Fed. R. Civ. P. 12(c) (judgment on the pleadings available after pleading are closed); Ellis v. Moody, No. 7:12-CV-85 HL, 2013 WL 5937439, at *8 (M.D. Ga. May 30, 2013) (finding *pro se* prisoner's jury trial demand premature).

9

## VI.     Conclusion

For the reasons explained above, the Court finds as **MOOT** the motions which seek to amend claims and relief, (doc. nos. 6, 10, 22, 25, 28, 30-32, 35), **GRANTS** the motion to proceed *in forma pauperis* subject to compliance with the terms of this Order, (doc. no. 2), **GRANTS** the motion for a fast and speedy preliminary review, (doc. no. 24), and **DENIES** all other motions.  (Doc. nos. 9, 11-21, 23, 29, 33-34.)

If Plaintiff fails to respond to this Order with the above-described *in forma pauperis* papers within thirty days, the Court will presume that Plaintiff desires to have this case voluntarily dismissed and will dismiss this action, without prejudice.  Plaintiff shall also have thirty days to submit an amended complaint.

SO ORDERED this 1st day of March, 2022, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA