IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| CHARLIE LAMONTE MCKINNEY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 622-004 |
| | ) | |
| KENNETH MANTLE; DIRECTOR, | ) | |
| Office of Professional Standards; | ) | |
| SERGEANT JULIE MULLINS; | ) | |
| and JACQUELINE PEAK, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff, an inmate at Central State Prison in Macon, Georgia, commenced the above-captioned civil rights case *pro se*, pursuant to 42 U.S.C. § 1983. On March 4, 2022, Plaintiff filed a Motion for Emergency Preliminary Injunction. For the reasons explained below, the Court **DENIES** his request. (Doc. no. 38.)

I.     DISCUSSION

In his motion for injunctive relief, Plaintiff requests the Court to order the Georgia Department of Corrections' ("GDC") Offender Administration, Office of Professional Standards, Mental Health Department, and Sentence Computation Board, as well as the Georgia Board of Pardons and Parole, to investigate and "create a solution to reduce the threat to [Plaintiff's] safety and the security of GDC institutions." (Id. at 4.) Plaintiff also asks for an order directing the GDC to grant Plaintiff early release in some form or placement at a

mental health treatment facility.  (Id.)

A party moving for injunctive relief must show the following:  "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest."  McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)).  "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites."  All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson Cnty., 720 F.2d 1511, 1519 (11th Cir. 1983)).

As a preliminary matter, the Court lacks jurisdiction to enter a restraining order or injunction against those who are not parties to the lawsuit.  Holmes v. Williams, No. 6:15-cv-12, 2015 WL 4429092, at *8 (S.D. Ga. July 20, 2015) (citing In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Labs., 72 F.3d 842, 842-43 (11th Cir. 1995)).  The only Defendants Plaintiff seeks a restraining order against are Defendant Director of the Office of Personal Standards and Defendant Kenneth Mantle, the Director of Offender Administration.  The other entities against whom Plaintiff seeks an order are not parties to this case.

In regard to what relief the Court may grant, Plaintiff has not met his burden of persuasion as to all four of the requirements.  Plaintiff has not shown that he will be irreparably harmed if the injunction does not issue.  In order to satisfy the irreparable injury requirement, Plaintiff must show that the threat of injury is "neither remote nor speculative, but actual and imminent."  Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla.,

896 F.2d 1283, 1285 (11th Cir. 1990) (quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 973 (2d Cir. 1989)); see also Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (noting that, in order to obtain injunctive relief, a plaintiff must show "a real and immediate – as opposed to a merely conjectural or hypothetical – threat of future injury."). Plaintiff's request largely restates the claims in his complaint: Plaintiff has been labeled a "snitch" for cooperating with GDC investigations and fears for his safety as a result. (Doc. 38, p. 2.) While he does claim his roommate attacked him for unknown reasons on February 16, 2022, (doc. no. 38, p. 3; doc. no. 53, p. 16), Plaintiff generally only makes vague or speculative allegations of the dangers he has faced at prison and does not clarify what threats persist in his current place of confinement. (See doc. no. 38, pp. 2-3.) Plaintiff has not shown he will suffer irreparable injury, and likewise has not shown a substantial likelihood of success on the merits, which hinges on nature of his speculative allegations.

He has also failed to show the threatened injury to him outweighs whatever damage the proposed injunction may cause the opposing party and whether if issued, the injunction would be adverse to the public interest. The law is well settled that federal courts should refrain from unwarranted interference in the day-to-day operations of prisons. See Bell v. Wolfish, 441 U.S. 520, 547 (1979). Part of Plaintiff's requested relief – a mandatory investigation – would certainly be an interference with GDC operations. Failure to satisfy any one of the four prerequisites for injunctive relief is fatal to Plaintiff's request for injunctive relief. See Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000) (*per curiam*). Thus, Plaintiff is not entitled to the relief he seeks.

## II.     CONCLUSION

In sum, Plaintiff has failed to satisfy all of the required elements for obtaining the injunctive relief he seeks.  Thus, the Court **DENIES** Plaintiff's motion.  (Doc. no. 38.)

SO ORDERED this 8th day of April, 2022, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA