IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| CHARLIE LAMONTE MCKINNEY, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 622-004 |
| | ) |
| KENNETH MANTLE; DIRECTOR, | ) |
| Office of Professional Standards; | ) |
| SERGEANT JULIE MULLINS; | ) |
| and JACQUELINE PEAK, | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

Plaintiff, an inmate at Central State Prison in Macon, Georgia is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006). Plaintiff has consented to the undersigned conducting all proceedings and presiding over final disposition of this case. (See doc. nos. 7-8.)

**I.    BACKGROUND**

Plaintiff names as Defendants: (1) Kenneth Mantle, Director of the Office of Offender Administration; (2) Director of the Office of Professional Standards; (3) Sergeant Julie Mullins; and (4) Officer Jacqueline Peak. (Doc. no. 41, pp. 1-4.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff has cooperated with the Office of Professional Standards at the Georgia Department of Corrections ("GDC") to provide GDC with information about corrupt staff and illegal activity within GDC facilities. (Id. at 7.) Specifically, Plaintiff has worked with Investigators Wren and Coursce and other special agents regarding gang activity, sexual assault, excessive force, inmate on inmate assault, and weapons, drugs, and contraband within GDC facilities. (Id.) As a result, Defendants Mullins and Peak, as well as inmates Art Tyus, Martez Johnson, and Kemp Percules have labeled Plaintiff a "snitch" and issued statewide death threats and hits on him. (Id.) Defendants Mullins and Peak have also leaked information to inmates that Plaintiff submitted tips to GDC regarding events within the prison system. (Id. at 8.)

Defendant Mantle knows inmates and GDC staff believe Plaintiff is an informant, and Defendant Mantle has approved several transfers moving Plaintiff to various GDC facilities. (Id. at 7.) However, Plaintiff's reputation as an informant for GDC has traveled with Plaintiff to each GDC facility, subjecting him to discriminatory treatment, mental injuries, emotional distress, ridicule, verbal threats and abuse, excessive force, sexual assault, and physical assault. (Id.) Plaintiff has also been subjected to abnormal conditions of confinement, denied equal access to the courts and the law library, and denied Islamic religious services, programs, and activities. (Id. at 7, 10.) Plaintiff has continually requested protective custody but has not received it. (Id. at 8.) However, Plaintiff does not want to be placed in twenty-four-hour segregation or isolation. (Id. at 9.)

Plaintiff states Defendants Mantle and Defendant Director of the Office of Professional Standards are aware and deliberately indifferent to the many dangers Plaintiff faces in prison and have consistently disregarded his concerns. (Id. at 8.) Specifically, Plaintiff cites general issues

with overcrowding, understaffing, availability of weapons to inmates, failure to control prisoner movement, and failure to control contraband. (Id. at 7, 10.) Plaintiff states Defendants know of the dangerous conditions at the prisons where Plaintiff has been incarcerated due to Plaintiff's tips. (Id. at 8.) Plaintiff implies multiples instances of physical assault against other inmates and himself, but only lists one specific incident on February 16, 2022, where he had to seek outside medical help after an attack. (Id. at 6-7, 9.) Plaintiff believes he has been set up for failure by cooperating as an informant with GDC. (Id. at 10.) Plaintiff now suffers from post-traumatic stress disorder, hallucinations, paranoia, anxiety, and an inability to sleep due to fear for his safety within GDC prisons (Id. at 9.)

Plaintiff filed grievances at six different prisons, all of which were ignored or denied. (Id. at 15-16.) Plaintiff also wrote several letters to Defendants concerning his complaints. (Id. at 17.) Plaintiff alleges violations of his First, Eighth, and Fourteenth Amendment rights and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and seeks an injunction, declaratory relief, $650,000 in damages, attorney's fees, a trial, and a consent decree. (Id. at 4, 6.)

Plaintiff filed two lawsuits related to the above facts: the present case on January 25, 2022, and CV 622-009 on February 4, 2022.[1] (Doc. nos 1, 42.) On March 14, 2022, Magistrate Judge Benjamin W. Cheesbro closed CV 622-009 upon motion by Plaintiff, consolidating CV 622-009 into the present case. (Doc. no. 39.) That same day, Plaintiff submitted an amended complaint, which is the now the operative pleading for this screening. (Doc. no. 41.)

---

[1] Plaintiff initially filed his lawsuit with a co-Plaintiff Joshua Kitchens, whom the Court dismissed from this case on March 1, 2022. (Doc. no. 36.)

## II.     DISCUSSION

### A.     Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.  An amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the amended

4

complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney.  Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007).  However, this liberal construction does not mean that the court has a duty to re-write the amended complaint.  Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### B.  Dismissal is Warranted Because Plaintiff Failed to Truthfully Disclose His Prior Filing History

The form complaint Plaintiff used to commence this case the "Complaint for Violation of Civil Rights," requires that prisoner plaintiffs disclose:  (1) whether they have had a case dismissed because of the "three strikes rule,"; (2) whether they have begun other lawsuits in state or federal court dealing with the same facts involved in the current action; (3) whether they have brought any lawsuits in state or federal court relating to the conditions of their confinement; and (4) the disposition of any such lawsuits.  (Doc. no. 41, pp. 17-19.)  If there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper.  (Id. at 18.)

Here, pursuant to Federal Rule of Civil Procedure 11, Plaintiff disclosed a total of two cases in his various pleadings: McKinney v. Mullins, CV 620-050 (S.D. Ga. May 19, 2020) and McKinney v. Emmons, CV 720-072 (M.D. Ga. Apr. 21, 2020).  (Doc. no. 1, p. 10; doc. no. 41, p. 18.)  However, the Court is aware of at least four other cases Plaintiff filed which he failed to disclose: (1) McKinney v. Roberson, CV 520-137 (M.D. Ga. Apr. 20, 2020); (2) McKinney v. Marcus, CV 120-058 (M.D. Ga. Apr. 1, 2020); (3) McKinney v. Emmons, CV 720-005 (M.D. Ga.

5

Jan. 10, 2020); and (4) McKinney v. Mullins, CV 520-010 (M.D. Ga. Jan. 3, 2020).[2] Though these four cases were all voluntary dismissed by Plaintiff and often involve similar claims and parties as the two cases Plaintiff has disclosed, they are distinct filings that Plaintiff failed to share with the Court.

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731; see also Strickland v. United States, 739 F. App'x 587, 587-88 (11th Cir. 2018) (*per curiam*) (affirming dismissal of complaint based on failure to disclose eight habeas petitions filed in district court); Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (*per curiam*) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x 221, 223, 226 (11th Cir. 2011) (*per curiam*) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit);

---

[2]CV 520-010 was transferred to this District as McKinney v. Mullins, CV 620-025 (S.D. Ga. Jan. 3, 2020).

Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (*per curiam*) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), *adopted by*, Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).

Indeed, "pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an IFP action if the court determines that the action is 'frivolous or malicious.'" Burrell v. Warden I, 857 F. App'x 624, 625 (11th Cir. 2021) (*per curiam*) (citing 28 U.S.C. § 1915(e)(2)(B)(i)). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process." Id.  The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia.  See, e.g., Williamson v. Cnty. of Johnson, GA, CV 318-076, 2018 WL 6424776 (S.D. Ga. Nov. 5, 2018), *adopted by* 2018 WL 6413195 (S.D. Ga. Dec. 6, 2018); Brown v. Wright, CV 111-044, 2011 WL 2462017 (S.D. Ga. May 16, 2011), *adopted by* 2011 WL 2461958 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006) (*per curiam*). Even if Plaintiff had stated a claim upon which relief could be granted, this case should be dismissed without prejudice as a sanction for the dishonesty.

**C.  Dismissal is Also Warranted Because the Amended Complaint Fails to State a Claim for Conditions of Confinement, Retaliation, a Violation of RLUIPA, and Official Capacity Monetary Damages**

**1.  Plaintiff Fails to State a Valid Claim For Conditions of Confinement Based on His Allegations of General Danger**

"[T]he Constitution does not mandate comfortable prisons." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) (citing Rhodes v. Chapman, 452 U.S. 337, 349 (1981)). Rather, the Eighth Amendment requires that prisoners are afforded adequate food, clothing, shelter, and medical care, and prison officials must take reasonable measures to ensure prisoner safety. Farmer, 511 U.S. at 832 (1994). "An excessive risk of inmate-on-inmate violence at a jail creates a substantial risk of serious harm," and "confinement in a prison where violence and terror reign is actionable." Harrison v. Culliver, 746 F.3d 1288, 1299 (11th Cir. 2014). However, "inmates cannot expect the amenities, conveniences and services of a good hotel." Alfred v. Bryant, 378 F. App'x 977, 980 (11th Cir. 2010) (*per curiam*).

Challenges to conditions of confinement are subject to a two-part analysis. Chandler, 379 F.3d at 1289. First, Plaintiff must satisfy an objective prong by showing the conditions about which he complains are sufficiently serious. Id. The conditions of his confinement must be "extreme" such that it "poses an unreasonable risk of serious damage to his future health or safety." Id.; see also Thomas v. Bryant, 614 F.3d 1288, 1304 (11th Cir. 2010) (*per curiam*); Ivory v. Warden, 600 F. App'x 670, 676-77 (11th Cir. 2015) (*per curiam*). "The risk must be 'so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk.'" Redding v. Georgia, 557 F. App'x 840, 843 (11th Cir. 2014) (citing Helling v. McKinney, 509 U.S. 25, 33 (1993)).

Second, Plaintiff must satisfy a subjective prong by showing that Defendants acted with a culpable state of mind, which is judged under a "deliberate indifference" standard. Chandler, 379 F.3d at 1289. "Proof of deliberate indifference requires a great deal more than does proof of negligence." Goodman v. Kimbrough, 718 F.3d 1325, 1332 (11th Cir. 2013). The prison official must know of and disregard an "excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. In other words, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." Id.

Plaintiff's generalized and vague allegations of danger and fear do not reach the level of a sufficient claim for conditions of confinement. The relevant portions of his amended complaint mainly recite legal standards rather than provide facts showing Defendants' actions meet those standards. (See id. at pp. 8-9, ¶¶ 6, 9-11, 14-15.) Plaintiff's claims are not even specific to one place: he claims overcrowding, understaffing, and other failures of prison administration are exhibited at all GDC facilities he has visited in addition to Rogers State Prison where he was incarcerated when he filed this lawsuit. As explained, "the Constitution does not mandate comfortable prisons," and a general allegation of unsafe conditions across Georgia's prison system cannot support an Eighth Amendment claim against any of these four Defendants with the meager facts alleged. Chandler, 379 F.3d at 1289 (11th Cir. 2004).

Further, while Plaintiff does state he has witnessed and experienced violence, he describes only one specific event in February 2022, after this case was opened, and fails to elaborate on his claims any further to allow the Court to fully conduct the above-described two-part analysis. His allegations as they are do not support a claim. See Rhiner v. Sec'y, Fla. Dept. of Corrs., 817 F. App'x 769, 776 (11th Cir. 2020) (per curiam) (finding ten gang related incidents occurring

over two years fails to constitute a substantial risk of serious harm); Harrison, 746 F.3d at 1300 (finding thirty-three incidents in prison population of approximately 800 to 1000 inmates across three years failed to demonstrate violence and terror reigned); see also Estate of Owens v. GEO Group, Inc., 660 F. App'x 763, 773 (11th Cir. 2016) ("Eighth Amendment does not require the uninterrupted personal supervision of all inmates.").

Therefore, Plaintiff fails to state a valid Eighth Amendment claim based on the GDC's security measures or negligence regarding "generally dangerous" conditions. (Doc. no. 41, p. 8.)

### 2. Plaintiff Fails to State a Viable Retaliation or RLUIPA Claim

Plaintiff asserts he has been subjected to abnormal conditions of confinement and has been denied equal access to the courts, the law library, and Islamic religious services due to being labeled a "snitch." (Id. at 7.) Plaintiff also asserts he has been subjected to discriminatory treatment, ridicule, and verbal threats and abuse, among other things, for being labeled as such. (Id.)

Under the First Amendment, prison officials may not retaliate against inmates for filing lawsuits or administrative grievances. Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003). "To prevail on a retaliation claim, an inmate must show that (1) he engaged in speech or conduct protected by the Constitution; (2) the defendant took action of such a nature that it 'would likely deter a person of ordinary firmness' from exercising that right; and (3) a causal connection exists between the protected activity and the retaliatory action." Id. at 762 (quoting Bennett v. Hendrix, 423 F.3d 1247, 1254 (11th Cir. 2005)); see also Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008).

Additionally, a complaint must contain enough facts to state a claim of retaliation that is plausible on its face. Id. (citing Twombly, 550 U.S. at 554). A prisoner may state a cognizable § 1983 claim by alleging the actions of prison officials "that might not otherwise be offensive to the Constitution" may be brought "within the scope of the Constitution by alleging that the actions were taken in retaliation for filing lawsuits and administrative grievances." Wright v. Newsome, 795 F.2d 964, 968 (11th Cir. 1986). In Bennett v. Hendrix, 423 F.3d 1247 (11th Cir. 2005), the Eleventh Circuit clarified the standard for asserting a cognizable retaliation claim: "A plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from exercise of First Amendment rights." Id. at 1254.

Plaintiff fails to state a viable retaliation claim as he fails to satisfy the elements listed in Farrow. Plaintiff does not adequately allege a causal connection between the activity in question and the retaliatory action. He merely states in one sentence he has been denied certain activities "because of the stigma of being labeled a 'snitch.'" (See doc. no. 41, p. 7.) Plaintiff's claims of retaliation are entirely conclusory without any factual support and do not raise his allegations of retaliation beyond a speculative level. See Smith v. Florida Dep't of Corr., 375 F. App'x 905, 911 (11th Cir. 2010) (*per curiam*) (finding conclusory allegations of retaliatory motive insufficient to raise allegation of retaliation above speculative level) (citing Iqbal, 556 U.S. at 680). Moreover, Plaintiff fails to associate any Defendant with the complained of behavior. Plaintiff only states he has been retaliated against, without indicating whether any Defendant is responsible for the retaliatory actions. The Court cannot determine whether it

11

was Defendants, nonparties, or other inmates who are responsible for the retaliation against Plaintiff. Thus, Plaintiff fails to state a retaliation claim against Defendants.

For these same reasons, Plaintiff fails to allege a valid claim under RLUIPA. Section 3 of RLUIPA provides in relevant part, "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . ." 42 U.S.C. § 2000cc-1(a). A prima facie case under section 3 of RLUIPA requires Plaintiff to show (1) he engaged in a religious exercise; and (2) the religious exercise was substantially burdened. Smith v. Allen, 502 F.3d 1255, 1266 (11th Cir. 2007), *abrogated on other grounds,* Sossamon v. Texas, 563 U.S. 277 (2011). A substantial burden is "significant pressure which directly coerces the religious adherent to conform his or her behavior accordingly." Id. at 1277. The Eleventh Circuit has explained that to constitute a substantial burden on religious practice, "the government's action must be 'more than . . . incidental' and 'must place more than an inconvenience on religious exercise.' . . . That is, to constitute a substantial burden under RLUIPA, the governmental action must significantly hamper one's religious practice." Id.

Here, Plaintiff's conclusory assertion that he was denied Islamic religious services, programs, and activities after being labeled an informant does not show a substantial burden on religious practice. That is, Plaintiff's formulaic claim, devoid of any factual enhancement or identification of perpetrators, does not show he is entitled to relief. See Iqbal, 556 U.S. at 678. Plaintiff has therefore not plead a prima facie claim for a violation of RLUIPA.

### 3.   **Official Capacity Monetary Damages**

Plaintiff states he is suing Defendants in their individual and official capacities. However, the Eleventh Amendment bars official capacity claims against state prison officials

for money damages. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). Therefore, Plaintiff's official capacity claims against all Defendants for monetary relief fail as a matter of law and should be dismissed.

### III. CONCLUSION

Because Plaintiff has abused the judicial process by providing dishonest information about his filing history and fails to state a claim upon which relief can be granted in regard to his conditions of confinement, retaliation, RLUIPA, and official capacity monetary damage claims, the Court **DISMISSES** this case without prejudice, and **CLOSES** this civil action.

SO ORDERED this 28th day of June, 2022, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA